JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
SEP 19 1973
PATRICIA D. HOWARD
CLERK OF PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CLARK OIL AND REFINING )
CORPORATION ANTITRUST LITIGATION ) DOCKET NO. 140

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

      This litigation consists of two treble damage antitrust class actions against Clark Oil and Refining Company in two districts: the Eastern District of Wisconsin and the Northern District of Illinois. Plaintiffs in both actions allege that defendant Clark Oil has violated the federal antitrust laws by fixing retail prices charged by its dealers and by requiring them to sell only products approved by defendant. In addition, it is alleged that Clark Oil uses short-term leases in order to police its dealers. Plaintiffs in each action purport to represent a class consisting of approximately 1,800 Clark service station operators.

      Plaintiffs in the Illinois action move the Panel for an order transferring the Wisconsin action to the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Plaintiff in the Wis-

---

\*   Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

consin action opposes transfer and in the alternative favors the Eastern District of Wisconsin as the transferee forum; defendant favors transfer. We find that these actions involve common questions of fact and that transfer of the Illinois action to the Eastern District of Wisconsin will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The Wisconsin plaintiff suggests that these two actions come within the rationale of our decision in In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543 (J.P.M.L. 1969), denying transfer of two treble damage actions because of the minimal number of cases and relative simplicity of the common factual questions. We believe that the greater complexity of factual issues presented here and the presence of competing requests for class designation distinguish this litigation from the Scotch Whiskey cases and make transfer necessary in order to avoid duplication of discovery and eliminate the possibility of conflicting pretrial rulings. In re Nissan Motor Corporation Antitrust Litigation, ___ F. Supp. ___ (J.P.M.L., filed January 5, 1973).

Because the federal courts wherein these actions are pending are in proximity to each other, the selection of either court as the transferee forum for this litigation will not substantially inconvenience any of the parties. We are persuaded, however, that the Eastern District of Wisconsin is the preferable transferee district since defendant's home office is in that district and many of the anticipated witnesses and relevant

- 3 -

documents are located there.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A pending in the Northern District of Illinois be, and the same hereby is, transferred to the Eastern District of Wisconsin and, with the consent of that court, assigned to the Honorable John W. Reynolds for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending there and listed on Schedule A.

DOCKET NO. 140                                                    SCHEDULE A

## NORTHERN DISTRICT OF ILLINOIS

Treamon Ray Ashcraft, et al. v.                   Civil Action
Clark Oil Refining Corp.                          No. 73C 566

## EASTERN DISTRICT OF WISCONSIN

Myles Jackson v. Clark Oil &                      Civil Action
Refining Corp.                                    No. 73C 74